PER CURIAM.
The husband appeals a final judgment granting dissolution of marriage, contend *236 ing that the trial judge’s denial of his motion for a continuance of the final hearing constituted a gross abuse of discretion, and that the trial judge also abused his discretion in awarding excessive alimony to the wife. We affirm.
The record discloses that the case was set for final hearing before the trial judge by appellee’s attorney on August 15, 1979. The final hearing was cancelled by appellant’s attorney, and rescheduled by him for October 22,1979. This hearing was also cancelled by appellant’s attorney, and another was scheduled for December 11, 1979, by appellee’s attorney. Appellant’s attorney on November 20, 1979, moved for a continuance. The hearing on this motion was not actually heard until December 7, 1979. In the motion it was asserted that appellant, sometime in late 1979, had been assigned to a job in Sicily, Italy, and his attorney had been unable to contact him. There is some contention that when appellant left the country he thought that matter surrounding the dissolution had been settled. We find no basis for such assumption, and note particularly that appellant’s attorney rescheduled the final hearing in this case on two occasions. It is apparent that appellant exhibited little regard for his responsibility in connection with this litigation by leaving the country without making arrangements with his attorney as to where he could be contacted, and for purposes of obtaining his participation in the litigation by means of his deposition, if necessary. We find no abuse of discretion in the trial judge’s denial of the continuance under these circumstances.
As to the second point, the claim of excessiveness in the award of alimony, we observe first that the evidence fully supports appellee’s need for permanent alimony in the amount awarded. As to appellant’s ability to pay, we affirm the award, but in so doing we assume that the trial judge, upon the basis of all the evidence presented, concluded that appellant’s 1978 earnings of over $20,000.00 per year continued up until the entry of the final judgment of dissolution on December 11, 1979. The parties are in disagreement concerning the effect of the evidence as it bears upon appellant’s 1979 income. However, the lack of specificity on this point is due primarily to appellant’s failure to provide the necessary input on this issue for consideration of the trial judge. In view of the presumption of correctness which attends the decision made by the trial judge, we are compelled to hold that appellant has failed to demonstrate reversible error on this issue. However, in affirming we do so without prejudice to appellant’s right to immediately seek a modification of the alimony award, and we further direct that under the circumstances presented here, in the discretion of the trial judge, appellant may be permitted to demonstrate his actual 1979 earnings, as well as his current earnings, for the consideration of the trial judge.
The judgment is AFFIRMED, with directions with respect to further proceedings herein.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A., Associate Judge (Ret.), concur.